UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA,  )  CASE NO.: 4:06CR00072 WRW-3
Plaintiff                  )
                           )
v.                         )
                           )
MARCOS CAVALCANTE,         )
Defendant                  )
_____/

## OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

Defendant Marcos Cavalcante, through counsel, hereby files this his Objections to the Presentence Investigation Report, and in furtherance thereof states:

### IDENTIFYING DATA

1. Defendant Cavalcante objects to the following paragraphs based on minor factual errors:

   a. Defendant's True Name is Marcos César Lima Cavalcante.

   b. Paragraphs 38 and 39 should be revised to reflect the correct name of Defendant's mother: Maria Helena Correia Lima Cavalcante.

   c. Paragraph 45 should be revised to reflect that Marcos Cavalcante is a full-time employee of Advanced Public Safety where he works as a contractor. His website, www.incredimedia.com, is where he displays his work and is a point of reference for freelance jobs that may become available.

### THE OFFENSE

2. Marcos Cavalcante objects to paragraph 10 of the Presentence Investigation Report and requests that the portions in said paragraph that are inconsistent with paragraphs (a) and (b) below be stricken.

    a.    Marcos Cavalcante did not incorporate any data into Snipermail's system. He decrypted a text file and exported the results of the text file that contained user names and passwords. The text file did not consist of the actual data. Mr. Atkinson was the one responsible for incorporating the data given by Mr. Levine into Snipermail's system.

    b.    Marcos Cavalcante did not merge data into Snipermail's system. He merely sorted some of the data alphabetically, which was not incorporated to any databases. After finishing the task of sorting alphabetically, the file was given back to Mr. Levine. At no point did Mr. Cavalcante incorporate the file into Snipermail's database. Sorting the data alphabetically was requested for Mr. Levine's convenience since he was going to review the file. Mr. Cavalcante did not possess the knowledge and expertise, nor was he ever trained on how to merge data into Snipermail's system. Doing so required knowledge and training in Oracle and SQL databases. Marcos Cavalcante neither possesses nor has had such knowledge and training.

### SOPHISTICATED MEANS ENHANCEMENT

3.    Marcos Cavalcante objects to the two level enhancement as found on paragraph 23, page 5 of the Presentence Investigation Report made pursuant to *U.S.S.G.* § 2B1.1(b)(9) Enhancement for use of sophisticated means.

    a.    The two level enhancement should not apply here because Marcos Cavalcante did not initiate, create nor use sophisticated means in this case. Application note 8 of § 2B1.1(b)(9) defines sophisticated means as an "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense."

b.   In terms of concealment, courts have agreed with this definition in determining whether to impose this sentence enhancement. *United States v. Barakat*, 130 F.3d 1448 (11th Cir. 1997)(held that determination of sentence enhancement should focus on whether sophisticated means were used to conceal the tax offense); *United States v. Lewis*, 93 F.3d 1075 (2nd Cir. 1996)(court held that enhancement is appropriate if defendant used sophisticated means to impede discovery of the offense); *United States v. Cianci*, 154 F.3d 106 (3d Cir. 1998)(enhancement warranted where sophisticated efforts to conceal evasion decrease the likelihood of detection). The facts in this case show that Marcos Cavalcante made no efforts to conceal or impede the discovery of this offense.

c.   In terms of execution, as stated below, Marcos Cavalcante received no special training and at no point performed any duties in furtherance of this offense that would require special training or sophistication. Courts have agreed that a two level increase is warranted when special knowledge is obtained for purposes of committing a crime. Obtaining such knowledge would go to establishing that defendant showed more than minimal planning. *United States v. Harrison*, 42 F.3d 427 (7th Cir. 1994)(enhancement warranted where defendant was custodian, not postal worker, and performance of his duties would not have required him to learn where food stamp envelopes were kept, yet he entered post office on two occasions and headed directly for the stamps). *United States v. Johnson*, 911 F.2d 403 (10th Cir. 1990)(increase in offense level warranted where defendant's theft from interstate shipment was supported by evidence that defendant obtained advance knowledge in

WEISBERG & KAINEN, ATTORNEYS AT LAW, 1401 BRICKELL AVENUE, SUITE 800, MIAMI, FLORIDA 33131-3504 • TEL. (305) 374-5544

       order to know which tractor trailer had the goods which he desired to steal, that bolt cutters had to be procured in advance, and that an alarm system had to be avoided).

   d.   Marcos Cavalcante's role in this offense did not involve any sophisticated activities. Using a file server within the office in question was common practice for all employees. Every employee had access to the server. It was merely a second hard drive for everyone at the office. Furthermore, the file server referenced in the Presentence Investigation Report is merely an extra computer that stayed on at all times in the office for people to exchange files. It played no part in the act of accessing Axciom's servers. Mr. Cavalcante has never accessed Axciom's servers or any other servers without authorization.

   e.   The software for password decryption is a very simple and basic software. Anyone with minimum computer skills can operate it. Iophtcrack, the software in question, does not require specialized training. Some commonly used programs, such as Adobe Photoshop, are much more sophisticated and require time and experience in order to learn. The process of running a text file through a software installed on someone's computer is nothing more than the following:

      i.   Click on "file menu";
      ii.   Click on "open";
      iii.   Select the text file to be used;
      iv.   Click on "run."

   f.   Marcos Cavalcante believes that the four step process described above does not rise to the level of "sophisticated means" and could have been done by anyone with even the most minimal knowledge of computers.

4.   Marcos Cavalcante objects to paragraph 16 on page 4 of the Presentence Investigation

-4-

Report. Mr. Cavalcante requests that paragraph 16 be revised as consistent with paragraph 3 of this objection.

## OFFENSE LEVEL COMPUTATION

5. **Specific Offense Characteristics:** Once the changes made to the Presentence Investigation Report as referenced above are applied, page 5 should be adjusted to reflect a total offense level of 20. *U.S.S.G.* § 2B1.1(b)(9).

## DOWNWARD DEPARTURE FOR ABERRANT BEHAVIOR

6. Marcos Cavalcante respectively requests a downward departure from the applicable sentencing guideline, as per *U.S.S.G. §5K2.20*, on the ground that his conduct was aberrant behavior. The client is eligible for downward departure because:

   a. The offense charged did not involve serious bodily injury or death;

   b. The defendant did not discharge a firearm or otherwise use a firearm or dangerous weapon.

   c. The instant offense is not a serious drug trafficking offense.

   d. The Defendant does not have a criminal history; and

   e. The Defendant has no prior federal, or state, felony convictions.

7. Application note 2 of *U.S.S.G. §5K2.20* states that the Court may consider the defendant's (a) mental and emotional conditions; (b) employment record; (c) record of prior good works; (d) motivation for committing the offense; and (e) efforts to mitigate the effects of the offense.

   a. Marcos Cavalcante was just 22 years old when he started working for Snipermail.com as a web designer. He is a non-resident alien from Brazil, living

-5-

with his parents, and a hard working employee. Mr. Cavalcante is a very gentle, non-confrontational young man. His mild mannered nature, juxtaposed with his non-resident status concerns, helps explain why he did not question directions given to him by his superiors.

b.  His employment record shows that he was promoted from a low level position making $8.00 an hour at the start of his employment to his latest position where he was earning approximately $40,000 a year. Marcos Cavalcante earned these promotions as a result of his excellent and dependable work.

c.  Mr. Cavalcante's employee file, as well as the fact that he was promoted and given raises is indicative of his outstanding work for the company. Despite the company having a high employee turnover, Mr. Cavalcante consistently earned his promotions by doing an excellent job. His mother, who is a nationally renown Medical Doctor/Scientist in her native Brazil, is researching a cure for cancer and AIDS through mathematics and received her green card in the U.S. based upon her exceptional and extraordinary abilities. The only reason Defendant Cavalcante has not obtained his green card is because of an administrative error that occurred prior to his 21st birthday. Mr. Cavalcante's mother initiated the Defendant's green card application when he was 19 years old. They were told that the process would only take 180 days, but internal delays and errors within immigration caused the process to take over 2 years. At one point Immigration officials told Mr. Cavalcante they had lost his paperwork. Once Mr. Cavalcante reached the age of 21, his application was removed from processing and denied. Marcos Cavalcante's younger sister also

    applied for her green card and almost suffered the same fate as Mr. Cavalcante, but got her green card approved at the very last minute.

  d. Marcos Cavalcante's motivation in committing this offense was his eagerness to please and follow the orders of his superiors at his job. As explained in paragraph (a) above, Defendant Cavalcante was young, inexperienced and not the type of person to question authority. Mr. Cavalcante looked up to and trusted his superiors. Being a foreigner, a gentle young man with no prior work experience and no knowledge of U.S. business practices and laws, he lacked the courage and strength of character to stand up to his superiors at work. Marcos Cavalcante was always trying to please his employer by performing outstanding work, in order to secure his job. He hoped that being an outstanding employee would help with his green card petition which was being processed at the time.

  e. From the first meeting with his lawyer at the very inception of this case, Marcos Cavalcante acknowledged his wrong-doing. His efforts to mitigate the effects of the offense include completely co-operating with the government to help in the investigation and prosecution of this matter.

## ELIGIBILITY FOR FEDERAL PRISON CAMP PLACEMENT

8. Although non-resident aliens are generally not eligible for federal prison camp placement, under *The Bureau of Prisons Program Statement 5100.07, Chapter 7*, certain non-U.S. citizens may still be eligible for federal prison camp placement if they meet the following criteria:

  a. They have documented and/or independently verified history of stable employment

WEISBERG & KAINEN, ATTORNEYS AT LAW, 1401 BRICKELL AVENUE, SUITE 800, MIAMI, FLORIDA 33131-3504 • TEL. (305) 374-5544

in the U.S. for at least three years immediately prior to incarceration;

b. They have a verified history of domicile in the U.S. for five or more consecutive years; and

c. They have verified strong family ties (only immediate family) in the United States.

9. Marcos Cavalcante meets all of the requirements for eligibility to enter a federal prison camp and respectfully requests that this Court take that into consideration.

## CONCLUSION

Wherefore, in light of the law and the facts in this case, it is respectfully requested that this court sustain the Defendant's objections and grant a downward departure for aberrant behavior.

Respectfully submitted,

Weisberg and Kainen
1401 Brickell Avenue, Suite 800
Miami, Florida 33131
Phone: (305) 374-4544
Facsimile No: (305) 358-8565

_____
Alan Weisberg
Florida Bar No: 169970
Attorney for Defendant Cavalcante

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion was mailed this 14th day of February, 2006 via U.S. mail to Assistant United States Attorneys George Vena, Todd Newton and Karen Coleman, PO Box 1229, Little Rock, AR 72203 and via facsimile (501) 324-5641 to United States Probation Officer Tony Guerra..

_____
Alan Weisberg

G:\WPDOCS\CLIENTS\Cavalcante, Marcos\Pleading Objection.wpd

-8-